UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CINCINNATI BELL<br>WIRELESS, LLC, *et al.*,<br><br>        Plaintiffs,<br>vs.<br><br>BROWN COUNTY, OHIO, *et al.*,<br><br>        Defendants. | Case No. 1:04-cv-733<br><br>Magistrate Judge Timothy S. Black |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs, Cincinnati Bell Wireless, LLC ("CBW") and Thomas C. Welker and Susan A. Welker ("the Welkers") (collectively "plaintiffs"), initiated this action by filing a complaint on October 26, 2004, seeking declaratory, injunctive, and monetary relief. (*See* doc. 1). CBW is a provider of personal wireless services through its personal wireless service facilities, also known as "wireless telecommunication facilities." (*Id.* at ¶ 2). The Welkers, husband and wife, are owners of real property located in Perry Township, Brown County, Ohio. (*Id.* at ¶ 4).

The defendants named in the complaint are as follows: Brown County, Ohio ("Brown County"); the Brown County Board of Commissioners ("the Board"); and James L. Berry ("Berry"), the Building Inspector and Building Official for Brown County (collectively "defendants"). (*Id.* at ¶¶ 5-7).

## I.  BACKGROUND AND PROCEDURAL HISTORY

CBW alleges that it attempted to file an application with defendant Berry for a building permit to construct a personal wireless service facility on the Welkers' Brown County property.  Berry refused to accept the application on the ground that CBW had not complied with the requirements of a resolution of the Board, Local Resolution Number 01142002 (hereinafter "the Resolution").  The Resolution, adopted by the Board on January 14, 2002, purports to regulate the siting and construction of wireless telecommunications facilities in Brown County.  (*See id.* at ¶¶ 10-11, 18-19; *see also id.* at ex. A).

Plaintiffs contend, *inter alia:*  (1) that Brown County and the Board are precluded under state law from enacting any regulation on the use of the subject property; (2) that Brown County and the Board lack authority under state law to regulate public utility telecommunications facilities in commercial and nonresidential zoning districts within Perry Township; (3) that the attempt to regulate the siting and construction of wireless telecommunications facilities in Brown County violates federal law, to wit: the Telecommunications Act of 1996 ("TCA"), 47 U.S.C. § 151 *et seq.*; and (4) that the Resolution has resulted in an unlawful taking in violation of 42 U.S.C. § 1983.

Plaintiffs seek, *inter alia:*  (1) a judgment declaring the Resolution to be null, void, and of no effect;  (2) an injunction enjoining defendants from taking any action to

apply or enforce the Resolution; and (3) a writ of mandamus ordering defendants to perform their duties and to take all necessary and proper action to allow plaintiff to proceed with construction of the proposed telecommunications facility. (*See* doc. 1, Counts I-V). Additionally, plaintiffs seek an award of damages under 42 U.S.C. § 1983 for the violation of their constitutional rights and for the violation of their rights under the TCA, 47 U.S.C. § 332(c)(7). (*See id.* at Count VI).

On March 1, 2005, plaintiffs filed a motion for partial summary judgment (doc. 14), claiming that there were no genuine issues of material fact with respect to Counts I-V of the complaint or with respect to liability under Count VI. Plaintiffs state that the only question to be determined is the amount of damages to be awarded under Count VI.
Defendants did not respond to the summary judgment motion.

On April 18, 2005, this Court entered an Order to defendants to show cause why the motion for partial summary judgment should not be construed as unopposed and granted as filed. (Doc. 15). Defendants did not respond to the Court's Order to show cause.

Defendants' failure to respond to either the motion for partial summary judgment or to the Order to show cause warrants the granting of plaintiffs' motion. *See* S.D. Ohio Civ. R. 7.2(a)(2). However, "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded.

3

The court is required, at a minimum, to examine the motion for summary judgment to ensure that the movant he has discharged his initial burden." *Stough v. Mayville Cmty. Schools,* 138 F.3d 612, 614 (6th Cir. 1998) (citing *Carver v. Bunch,* 846 F.2d 451, 455 (6th Cir. 1991)).

Accordingly, upon a careful review of plaintiffs' motion on its merits, and for the reasons that follow, the motion for partial summary judgment is **GRANTED IN PART** and **DENIED IN PART**.

## II.  STANDARD OF REVIEW

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which might affect the outcome of the action. *Celotex,* 477 U.S. at 323. All facts and inferences must be construed in a light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

When the moving party files a motion for summary judgment, the nonmoving party cannot "rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing there is a genuine issue for trial." *Anderson,* 477 U.S. at

248. Rule 56(e) of the Federal Rules of Civil Procedure requires that the nonmoving party produce some evidence in support of its allegations supporting its claims, by affidavits or as otherwise provided in the rule. Fed. R. Civ. P. 56(e). If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party. *Id.*; *see also Anderson,* 477 U.S. at 248-49; *First Nat'l Bank of Arizona v. City Servs.,* 391 U.S. 253, 289, *reh'g denied,* 393 U.S. 901 (1968). When a motion for summary judgment goes unopposed, the district court may properly rely upon the facts provided by the moving party. *See Guarino v. Brookfield Township Trs.,* 980 F.2d 399, 404-05 (6th Cir. 1992).

### III. UNDISPUTED FACTS

The undisputed material facts, as set out in the complaint, the answer and the motion for partial summary judgment, establish that on January 14, 2002, defendant Board adopted Local Resolution 01142002 in an attempt to control the use of land and the construction of structures for wireless telecommunications facilities throughout all of Brown County. (Doc.1 at ¶ 11; doc. 8 at ¶ 11). Responsibility for the administration and enforcement of this Resolution falls to defendant Berry as County Building Inspector. (Doc. 1 at ¶ 7; doc. 8 at ¶ 7).

Plaintiff CBW is a "public utility" in the provision of personal wireless telecommunications services in the Cincinnati-Dayton Metropolitan Trading Area pursuant to licenses from the Federal Communications Commission. (*See* doc. 14,

Affidavit of John B. Scola at ¶ 5). CBW identified a need to construct a personal wireless service facility (*i.e.,* a telecommunications tower) with a related equipment shelter on approximately 8.45 acres of property located at 3032 U.S. Route 50 in Perry Township, Brown County. (*See* doc. 1 at ¶ 12; doc. 8 at ¶12; doc. 14, Affidavit of John B. Scola at ¶ 9). This property, which is owned by the Welkers (doc. 1 at ¶ 4), is zoned Commercial "B" under the Perry Township Zoning Resolution. (*Id.* at ¶14; doc. 14, Affidavit of John B. Scola at ¶ 11).

Brown County has not adopted zoning for any of its territory pursuant to its authority under Ohio Rev. Code Ann., Chapter 303. (Doc. 1 at ¶¶ 17, 31; doc. 8 , at ¶¶ 17, 31).

In late June 2004, Shane Pollard of PDH, Inc., as agent for CBW, attempted to apply for a building permit with defendant Berry for the construction of the telecommunications facility on the subject property. (Doc. 1 at ¶18; doc. 8 at ¶18). Mr. Berry refused to accept a building permit application, plans and fee from Mr. Pollard, and even refused to provide Mr. Pollard with an application form. (Doc.1 at ¶ 19; doc. 8 at ¶19; doc. 14, Affidavit of John Scola at ¶ 12). As the reason for his refusal, Mr. Berry cited CBW's failure to first comply with the requirements of the Resolution at issue herein. (Doc.1 at ¶ 19).

As a result of defendants' refusal to issue a building permit, CBW has sustained damages due to dropped calls, inadequate service, and lost customers. (*See* doc.1 at ¶

6

57). The Welkers have been deprived of property rights and have sustained the loss of rental income. (*See id.* at ¶ 58).

## IV.  ANALYSIS

*A.     Declaratory Relief*

Plaintiffs seek a judgment declaring that the Resolution is invalid on the grounds that the Board lacks authority to adopt, enact, apply, or enforce the Resolution under either federal or state law.

As to state law, plaintiffs seek a declaratory judgment that the Resolution is invalid on the basis that Brown County and the Board are prohibited under state law from adopting or enforcing the Resolution.

Under Ohio law, if a county, through its board of county commissioners, seeks to control the use of land within its jurisdiction, it must adopt zoning regulations pursuant to Ohio Rev. Code Ann. § 303.02. Here, it is undisputed that Brown County has not adopted zoning for any of its territory pursuant to its authority under Ohio Rev. Code Ann. ch. 303. (Doc. 1 at ¶¶ 17, 31; doc. 8, at ¶¶ 17, 31).

Moreover, under Ohio law, if a township (located within a county) adopts zoning pursuant to its authority, *cf.* Ohio Rev. Code ch. 519, the township zoning supersedes the county's zoning. *See* Ohio Rev. Code Ann. § 303.22. Here, it is undisputed that Perry Township has adopted township zoning; and, therefore, defendants Brown County and the Board are precluded by Ohio law from enacting any

regulation on the use of land in Perry Township.

Moreover, under Ohio law, public utilities are exempted from zoning regulations by counties in areas that are either unzoned or zoned for non-residential use. Ohio Rev. Code Ann. § 303.211(A), (B)(1)(c). Here, the subject property is unzoned by Brown County and zoned non-residential by Perry Township; and accordingly, CBW, as a public utility,[1] is exempt from any zoning regulations by Brown County as to the Perry Township land.

Thus, based on the unchallenged assertions that the Welkers' property is in a commercial zone (*see, e.g.,* doc. 14, Affidavit of John Scola at ¶ 11), and that CBW is a public utility, defendants lack authority under state law to regulate the siting of a wireless telecommunications facility on the Welkers' Perry Township property.

Moreover, defendants' conduct in disallowing plaintiffs the right to proceed also violates federal law, to wit, the TCA.

As the Sixth Circuit has succinctly, and recently, stated, "[t]he TCA does not preempt all authority of state or local governments over the regulation of wireless towers." *Tennessee ex. rel. Wireless Income Props. v. City of Chattanooga,* 403 F.3d 392, 398 (6th Cir. 2005). "Instead it merely imposes several substantive and

---

[1] Under Ohio law, wireless telecommunications providers like plaintiff CBW are "public utilities" for purposes of zoning exemptions. *See Symmes Township Bd. of Trustees v. Smyth,* 721 N.E.2d 1057, 1059, 87 Ohio St. 3d 549, 551 (Ohio 2000); *Campanelli v. A.T.&T. Wireless Servs., Inc.,* 85 Ohio St. 3d 103, 107, 706 N.E.2d 1267, 1270 (Ohio 1999).

procedural requirements upon the state or local government's consideration of permit applications." *Id.* (citing 47 U.S.C. § 332(c)(7)(B)).

While the TCA does not prohibit defendants from seeking to regulate the siting of a wireless telecommunications facilities, defendants nonetheless must comply with its procedural requirements. *See Wireless Income Props.,* 403 F.3d at 398. The state or local government must act on a permit application "within a reasonable time," and its decision on the application must be "in writing and supported by substantial evidence." *Id.* (citing 47 U.S.C. § 332(c)(7)(B)(ii)-(iii)).

Here, even if defendants had possessed the right under state law to enforce the Resolution, the undisputed manner and way the defendants have implemented the Resolution as to plaintiffs does not meet the substantive and procedural safeguards required by federal law. That is, defendants' failure to conduct proceedings within a reasonable period of time and to issue a written decision supported by substantial evidence violates federal law, *i.e.*, the TCA, 47 U.S.C. § 332(c)(7)(B)(ii)-(iii).

Accordingly, in sum, defendants' conduct in disallowing plaintiffs to proceed is unlawful under both state and federal law.

B. *Injunctive relief*

Plaintiffs seek an injunction prohibiting defendants from taking any further action to apply or enforce the provisions of the Resolution, and a writ of mandamus ordering defendants to perform their duties and to allow plaintiffs to proceed with the

9

construction of the proposed telecommunications facility.

Here, it is undisputed that: (1) defendants refused to act upon plaintiffs' request for a building permit, denying their agent's request even for a permit application; and (2) defendants failed to base their decision in writing supported by substantial evidence.

The Sixth Circuit has held that a failure to act constitutes a "functional denial" of an application. *Wireless Income Props.,* 403 F.3d at 398. Moreover, where a functional denial of an application violated the TCA's "in writing" and "substantial evidence" requirements, the proper remedy is injunctive relief compelling the defendant to issue the requested permit. *Id.* at 399.

Accordingly, under the circumstances presented here, injunctive relief is warranted under state and federal law, and defendants are to be compelled to allow plaintiffs to proceed with the construction of the proposed telecommunications facility.

C. *Compensatory Damages under 42 U.S.C. § 1983*

Finally, plaintiffs seek an award of damages based on their claim that defendants violated their rights under the United States Constitution, including their right to not have property taken without compensation and to use their property in a reasonable and lawful manner, as well as their rights under the TCA. (*See* doc. 1 at ¶¶ 52, 53).

However, as to the latter rights (under the TCA), the United States Supreme Court has recently determined that rights created under 47 U.S.C. § 332(c) may <u>not</u> be enforced under § 1983. *City of Rancho Palos Verdes v. Abrams,* 125 S. Ct. 1453, 1462

(2005). Thus, plaintiffs are not entitled to summary judgment with respect to their § 1983 claim based on alleged violations of the TCA.

Nonetheless, the United States Supreme Court has also stated that "claims available under § 1983 prior to the enactment of the TCA continue to be available after its use." *Id.* at 1461-62. Accordingly, plaintiffs can proceed upon their claims of violations of constitutional rights.

To prevail on their claims under § 1983 for violations of constitutional rights, plaintiffs must establish facts showing (1) that the conduct complained of was committed by a person acting under the color of state law; and (2) that the conduct deprived plaintiffs of rights, privileges, or immunities secured by the Constitution or laws of the United States. *See Graham v. National Collegiate Athletic Ass'n,* 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor,* 451 U.S. 527, 535 (1981)).

The undisputed facts establish that defendants are state actors for purposes of § 1983. The remaining issue is whether the evidence is sufficient to establish a constitutional violation.

Pursuant to the Taking Clause of the Fifth Amendment, a land use regulation constitutes a taking if the regulation "does not substantially advance legitimate state interests or denies an owner economically viable use of his land." *Agins v. City of Tiburon,* 447 U.S. 255, 260 (1980) (citations omitted). Even so, "[t]he Fifth Amendment does not proscribe the taking of property; it proscribes taking without just

compensation." *Williamson County Reg'l Planning Comm'n v. Hamilton Bank,* 473 U.S. 172, 194 (1985).  As the Supreme Court has further explained:

> Nor does the Fifth Amendment require that just compensation be paid in advance of, or contemporaneously with, the taking; all that is required is that a "reasonable, certain and adequate provision for obtaining compensation" exist at the time of the taking.  If the government has provided an adequate process for obtaining compensation, and if resort to that process "yield[s] just compensation," then the property owner "has no claim against the Government" for a taking....  Similarly, if a state provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Compensation Clause until it has used the procedure and been denied just compensation.

*Id.* at 194-95.

In other words, a federal regulatory takings claim is not ripe until two requirements are met.  First, a plaintiff must demonstrate that the decision-making body has come to a "final decision." *Id.* at 186-91.  Second, the plaintiff must pursue compensation though state procedures, if state procedures are provided and adequate. *Id.* at 194.

Accordingly, plaintiffs' claims may not yet be ripe for review.  That is, plaintiffs have not presented any evidence to show, nor have plaintiffs even alleged, that they have resorted to state procedures for obtaining compensation or that such procedures are inadequate. *See Silver v. Franklin Township, Board of Zoning Appeals,* 966 F.2d 1031, 1035 (6th Cir. 1992).

Because plaintiffs have not evidenced that their takings claims are ripe, plaintiffs

12

are not entitled to summary judgment with respect to these claims.[2]

**V.**

Accordingly, for the reasons stated herein, **IT IS HEREBY ORDERED THAT** plaintiffs' unopposed motion for partial summary judgment (Doc. 14) is **GRANTED in PART and DENIED in part as follows**:

1. Plaintiff's request for a judgment declaring Brown County Resolution Number 01142002 invalid on the grounds that the Board lacks authority to adopt, enact, apply, or enforce the Resolution under the Telecommunications Act of 1996, 47 U.S.C. § 151 *et seq.*, is **DENIED**;

2. Plaintiff's request for a judgment declaring Brown County Resolution Number 01142002 invalid on the grounds that the Board lacks authority under state law to adopt, enact, apply, or enforce the Resolution (with respect to the subject property) is **GRANTED**;

3. Plaintiffs' request for injunctive relief is modified, and, as modified, is **GRANTED**;

4. Defendants are **HEREBY ORDERED** to **ISSUE IMMEDIATELY** a building permit to plaintiff Cincinnati Bell Wireless, LLC, for the purpose

---

[2] Taking claims which are not ripe are typically dismissed without prejudice. Accordingly, to avoid dismissal, plaintiffs are hereby ordered to show cause in writing within 20 days of entry of this Order why plaintiffs' claims are ripe. Should plaintiffs' takings claims be ripe, and if plaintiffs establish that they are entitled to judgment as a matter of law with respect to these claims, the Court will act accordingly and set this case for trial on damages.

of constructing a telecommunications facility on the subject property, owned by plaintiffs Thomas C. Welker and Susan A. Welker, and located in Perry Township, Brown County, Ohio;

5. Plaintiffs' motion for summary judgment is **DENIED with prejudice** with respect to their claims under 42 U.S.C. § 1983 arising under the Telecommunications Act of 1996, 47 U.S.C. § 151 *et seq.*; and

6. Plaintiffs' motion for summary judgment upon their claims under 42 U.S.C. § 1983 based on an alleged unlawful taking is **DENIED without prejudice**.

**IT IS SO ORDERED.**

Date:  7/6/05                                    s/Timothy S. Black
                                                 Timothy S. Black
                                                 United States Magistrate Judge